### FREY *v.* HARRY L. WINTER INCORPORATED.

1. The suit having been brought for the purpose of setting aside a sheriff's sale on the ground of mistake or error in the sale as to the land actually sold, because of an omission from the advertisement of a part of the land that had been levied upon and which should have been sold, the defendant could not set up the defense of set-off or recoupment.

2. The charge of the court submitted to the jury the controlling issue in the case; and if the defendant had desired a charge upon the effect of certain evidence claimed to be material, he should have filed an appropriate written request.

No. 6326. MAY 18, 1928. REHEARING DENIED JULY 12, 1928.

Equitable petition. Before Judge Wood. Cobb superior court. October 8, 1927.

*J. E. Mozley* and *B. T. Frey,* for plaintiff in error.

*Gordon M. Combs,* contra.

BECK, P. J. On February 5, 1927, Harry L. Winter Inc. filed a petition in Cobb superior court, the substance of which, briefly stated, is, that forty acres of land, being the north half of lot No. 1136 and the south half of lot No. 1097 of the 16th district and second section of Cobb County, Georgia, were omitted from a sheriff's sale by mistake and error; that the plaintiff, who was plaintiff in fi. fa. and purchaser at the sheriff's sale, was injured by the mistake and error, and seeks to have the sale set aside and a new sale ordered; that Frey, the defendant in fi. fa., knew of the mistake and error, and is seeking to take advantage of it and is claiming the land as his own. The petition sets out in detail the facts leading up to the sale, and describes at length how and in what way petitioner was injured by the mistake and error. It also appears from the petition that the bid made by the plaintiff's agent, under the mistaken belief that the land in question was included in

the sale, was sufficient to satisfy the fi. fa., and that it was actually marked satisfied and canceled of record. The prayer is, that Frey be enjoined from disposing of the land; that the sale be set aside; that the alleged entries of cancellation of the execution be erased and stricken; that the original judgment be a first lien on the land in question; and that the land be readvertised and sold.

No demurrer or motion to strike was interposed, but the defendant filed an answer in which he denied that the land in question was left out of the advertisement and sale by mistake and error, and contended that the forty acres in question were omitted from the sale purposely on account of having been released by reason of a trade or agreement that defendant claims to have had with plaintiff's attorneys. It was also pleaded that the sale was advertised to take place the first Tuesday in July, 1924, whereas the sheriff's deed recites that the sale was made on the 2d day of September, 1924; and that no advertisement of such a sale was made as required by law.

Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for new trial, which was overruled; and he excepted.

In the first special ground of the motion for a new trial it is contended that the court erred in ruling that the defendant "could not recoup or set off any of the damages or overpayments made to the plaintiff." The court did not err in this ruling. This was a suit to set aside a sheriff's sale, on the ground of mistake or error in the sale of the property. Whether the sale should be set aside, under the facts, was the controlling issue in the case. No recovery of money upon a contract or breach of contract was sought in the plaintiff's suit; and a consideration of the provisions of our statute in reference to the plea of recoupment, and when it may be filed, and in what cases, shows that it was not appropriate to the present suit. Sections of our Civil Code 4339 to 4353, inclusive, relate to defenses of set-off and recoupment. In section 4339 the defense of set-off is defined as follows: "Set-off is a defense which goes not to the justice of the plaintiff's demand, but sets up a demand against the plaintiff to counterbalance his in whole or in part." Section 4350 defines recoupment in the following language: "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff

has not complied with the cross-obligations or independent cove-
nants arising under the same contract." And the definition as
given in the section last referred to might well be prefaced by the
first part of the definition of "set-off," changing the term "set-off"
to "recoupment," so that it would read: "Recoupment is a defense
which goes not to the justice of the plaintiff's demand," etc. As
distinctly appears from the definition of recoupment given in sec-
tion 4350, it is a right of a defendant "to have a deduction from
the amount of plaintiff's damages, for the reason," etc. There is
no demand for damages or for the recovery of any sum of money
for a breach of a contract, nor for money due upon a contract as
against which the defendant can be entitled to a reduction from
the amount claimed by the plaintiff.

The single question raised by the allegations in the plaintiff's
petition is whether or not there was an error or mistake as there
alleged; and the court properly held that this was a question to
be submitted to the jury. If the defendant had desired a charge
to the jury as to the effect upon the case of marking "settled and
satisfied" the fi. fa. under which the land was sold, a proper writ-
ten request upon that subject should have been presented. That
was a fact to be taken into consideration by the jury, and it may
be that it was a very material fact; but courts are not compelled
to call attention to and specify even material facts, but to charge
upon the material issues made by the pleadings, where the evidence
authorizes a charge upon that subject. If there was such error or
mistake made, without fault on the plaintiff's part, in the sale of
the land,—that is, omitting from the advertisement a tract con-
taining forty acres of land, which from the entry on the fi. fa. ap-
pears to be levied upon, and which the plaintiff could presume would
be sold with the other land, inasmuch as plaintiff had a special lien
upon all the property included in the security deed, from the en-
forcement of which by proper proceedings the fi. fa. in question
resulted, then the error or mistake could be corrected by a court of
equity, and it would be only plain equity that it should be corrected.
True, there had been a delay of some two years or more, but no
statute of limitations had attached, and there are no intervening
equities in favor of third parties that have grown up. Under the
circumstances alleged, and which the jury were authorized under
the evidence to accept and did accept as true, the plaintiff was en-

titled under the statute to the relief afforded by the verdict and decree. "Courts have full power over their officers making execution sales; and whenever satisfied that a sale made under process is infected with fraud, irregularity, or error to the injury of either party, the sale will be set aside." Civil Code, § 6032.

*Judgment affirmed. All the Justices concur.*